# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BENNIE P. WASHINGTON § | |
| § | Civil Action No. 4:16-CV-799 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| PLANO ISD, STEVE NEIL, ATPE-LAW § | |
| FIRM, JEFFERSON BRIMM, RICHARD § | |
| ARNETT § | |

## MEMORANDUM ADOPTING IN PART AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the amended report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 7, 2018, the amended report of the Magistrate Judge (Dkt. #89) was entered containing proposed findings of fact and recommendations that Defendants' Motions to Dismiss (Dkt. #39; Dkt. #40; Dkt. #41; Dkt. #62; Dkt. #66; Dkt. #68) be granted in part and denied in part. Having received the report and recommendation of the Magistrate Judge, having considered Plaintiff's objections (Dkt. #97), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts in part the Magistrate Judge's amended report (Dkt. #89) as the findings and conclusions of the Court.

### RELEVANT BACKGROUND

Plaintiff Bennie P. Washington has filed claims related to her employment with Plano Independent School District ("Plano ISD") in two lawsuits: (1) *Washington v. Plano ISD*, No. 4:15-CV-789, 2017 WL 73953, at *1 (E.D. Tex. Jan. 9, 2017) (the "First Lawsuit"), previously

dismissed with prejudice by this Court; and (2) Case No 4:16-CV-799, the above-captioned action (the "Current Lawsuit") (Dkt. #51 at p. 1).[1]

Plaintiff contends that in December 2011, she was hired as a bus driver for Plano ISD (Dkt. #3 at p. 54; Dkt. #38 at p. 24). As an employee of Plano ISD, Plaintiff was eligible to join the Association of Texas Professional Educators ("ATPE"), and to receive legal services through the ATPE Member Legal Services Department (Dkt. #38 at p. 25). During Plaintiff's employment with Plano ISD, Defendant Steve Neill allegedly printed incorrect routes and discriminated against Plaintiff in giving out work assignments (Dkt. #51 at p. 2). Plaintiff thereafter sought legal representation through ATPE for such treatment.

On or before January 23, 2013, Defendant Richard Arnett ("Arnett") began his legal representation of Plaintiff (Dkt. #38 at p. 18). On January 30, 2013, Plaintiff notified Defendant ATPE that she was dissatisfied with Arnett's representation (Dkt. #38 at p. 27). ATPE contacted Defendant Jefferson Brimm ("Brimm"), who explained that Arnett's firm was unwilling to initiate a lawsuit for Plaintiff (Dkt. #38 at p. 27). Plaintiff's representation was then transferred to Defendant Brimm in May 2014 (Dkt. #38 at pp. 13, 29). On July 31, 2014, Plaintiff contacted Defendant ATPE again and complained about Defendants Arnett and Brimm's representation. Defendant ATPE sent Plaintiff the list of attorneys approved to represent members of ATPE through its program (Dkt. #38 at p. 29). On August 18, 2014, Plaintiff advised Plano ISD that Defendants Arnett and Brimm no longer represented her (Dkt. #3 at p. 15).

---

[1] Given Plaintiff's *pro se* status, in the amended report, the Magistrate Judge liberally construed "the July 21, 2017 EEOC charge and right to sue letter attached to the initial Complaint and all attachments to the First Amended Complaint (as referenced in both complaints) as supplements and/or attachments to the Second Amended Complaint," and "[t]hus construed,. . . consider[ed] each of Defendants' Motions to Dismiss as directed at the Second Amended Complaint" (Dkt. #89 at p. 4).

On August 11, 2015, Plaintiff filed her first charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), wherein she alleged that she was "subjected to mistreatment, in that numerous times Andrew Forrester, Area Director, and K.D. Fain, Dispatcher, [were] disrespectful towards [Plaintiff]," that "[Plaintiff] was cursed out by Gary Tanner, Bus Driver, and subjected to rude behavior by Patti Kelly," and that "[Plaintiff] reported this treatment to the school board to no avail." (Dkt. #3 at p. 52).

On October 12, 2015, Plaintiff met with Plano ISD to discuss settlement of her claims in the First Lawsuit for Plano ISD's alleged violations of state and federal law (Dkt. #38 at p. 21). Plaintiff resigned from her position at Plano ISD two weeks later; her resignation letter demanded $10 million for pain and suffering (Dkt. #38 at p. 20; Dkt. #39, Exhibit 2 at p. 2). Plaintiff also alleged that she never received her final paycheck (Dkt. #38 at pp. 20, 22–23; Dkt. #39, Exhibit 2 at p. 2). On November 3, 2015, Plano ISD rejected Plaintiff's settlement demand (Dkt. #38 at p. 21). On that same date, Plaintiff filed the First Lawsuit against Plano ISD, Assistant Superintendent Kary Cooper, and Plano ISD Board of Trustees, alleging claims for "breach of code of conduct, disrespectfulness, Civil Rights and Discrimination, breach of contract, and the hiding of a previous litigation case." (Dkt. #39, Exhibit 2 at p. 2). On January 9, 2017, Plaintiff's claims in the First Lawsuit were dismissed with prejudice. *Washington*, 2017 WL 73953, at *3.

*The Current Lawsuit*

On July 21, 2016, Plaintiff filed a second EEOC Charge and alleged that:

Mr. Steve Neill, denied [Plaintiff] compensation by discriminatory route assignments. On June 26 2014, my attorney Richard (Rick) Arnett, cursed my [sic] out and quit my case, and also breach[ed] the legal representation contract and turned the discrimination case into a wage case. Between Jefferson (Jay) Brimm and Richard (Rick) Arnett, tried to switch positions as attorneys. . . without my authorization.

(Dkt. #3 at p. 2). On July 21, 2016, a right to sue letter was issued, stating Plaintiff's claim was time-barred (Dkt. #3 at p. 5). Plaintiff thereafter filed the Current Lawsuit on October 17, 2016, alleging claims for "breach of code of conduct, hiding of a previous litigation case, and civil rights and discrimination." (Dkt. #3 at p. 1). On May 3, 2017, Defendant ATPE filed a Motion to Dismiss Plaintiff's claims (Dkt. #23). On June 2, 2017, Plaintiff filed her Amended Complaint (Dkt. #38). Defendants again moved to dismiss (Dkt. #39; Dkt. #40; Dkt. #41). On July 7, 2017, Plaintiff filed her Second Amended Complaint (Dkt. #51). Defendants then further moved to dismiss the Second Amended Complaint (Dkt. #62; Dkt. #66; Dkt. #68). On August 25, 2017, Plaintiff filed a response (Dkt. #70), and on October 2, 2017, Plaintiff filed an additional response (Dkt. #73).

On February 7, 2017, the Magistrate Judge entered an Amended Report and Recommendation, recommending dismissal of the entirety of Plaintiff's claims solely under Rule 12(b)(6) for failure to state a claim for relief (Dkt. #89). On March 15, 2018, Plaintiff moved for an extension of time to file her objections to the amended report (Dkt. #95); the Court granted Plaintiff an extension until March 23, 2018 to file her objections (Dkt. #96). On March 23, 2018, Plaintiff filed her "Response to Amended Report and Recommendation of United States Magistrate Judge" (Dkt. #97), which the Court construes as her objections.

## PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

Plaintiff's objections generally re-urge and rehash her grievances against Defendants ATPE, Brimm, Arnett, Neill, and Plano ISD. Plaintiff does not specifically object to any of the Magistrate Judge's individual findings. Under Federal Rule of Civil Procedure 72, an objection

to a magistrate judge's report and recommendation must be specific to the proposed findings and recommendations. Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues in dispute should be considered. Notwithstanding that Plaintiff fails to assert any specific objections, the Court addresses Plaintiff's allegations regarding each Defendant raised in Plaintiff's objections: ATPE, Brimm, Arnett, Neill, and Plano ISD.

*Defendants ATPE, Brimm, and Arnett*

Regarding her claims against Defendant ATPE, Plaintiff states that she

> is asking that [her] case not be dismissed by [ATPE] [due] to having [Brimm and Arnett] been (sic) employed by they (sic) union at the time of representing [Plaintiff]. . . and [Brimm] lying about not been employed with ATPE at the time and in ATPE contract if the[y] don't represent you the[y] give you money to go get a[n] outside attorney.

(Dkt. #97 at p. 1). Plaintiff further avers that her claims against Arnett and Brimm should not be dismissed because "Arnett was [her] attorney[,] not [Brimm]. Brim[m] only went to meetings with [her] when Mr. Arnett was out of town." (Dkt. #97 at p. 1).

These are the same facts raised by Plaintiff before the Magistrate Judge (Dkt. #3 at p. 1; Dkt. #38 at p. 3; Dkt. #51 at p. 2; Dkt. #89 at pp. 5–6). In considering Plaintiff's potential civil rights claims against ATPE, Brimm, and Arnett, the amended report found:

> Plaintiff has failed to properly allege, much less support with facts, that any of Defendants ATPE, Brimm and/or Arnett were state actors, and therefore, are liable under § 1983. . . . Plaintiff has failed to allege that Defendants Brimm and/or Arnett were state actors or engaged in state action in refusing to provide her legal representation; instead, by identifying them as private attorneys, she has established the opposite. . . . Additionally, ATPE cannot be held liable for Brimm and Arnett's alleged violations of § 1983 under any theory based on respondeat superior.

(Dkt. #89 at p. 13). The amended report also addressed any potential Title VII claims against these Defendants, noting that because Defendants "ATPE, Brimm, and/or Arnett never employed Plaintiff, she cannot pursue a Title VII action against these defendants." (Dkt. #89 at p. 15).

5

Plaintiff's objections related to ATPE, Brimm, and Arnett do not address, much less establish that: (1) any of these Defendants are state actors, subject to liability under § 1983; or (2) any of these Defendants employed Plaintiff, thereby subjecting them to liability under Title VII. Moreover, the amended report also found that Plaintiff's § 1983 and Title VII claims against Defendants ATPE, Brimm, and Arnett would be time-barred (Dkt. #89 at pp. 12, 14–15), which Plaintiff does not dispute in any fashion. Accordingly, Plaintiff's objections, to the extent raised, related to her claims against Defendants ATPE, Brimm, and Arnett are overruled.

*Defendant Neill*

Turning next to her claims against Defendant Neill, Plaintiff asks that her "case not be dismissed on [] Neill [due] to giving trips [and] middays to employers with less seniority then (sic) [Plaintiff] had" (Dkt. #97 at p. 2). In analyzing Plaintiff's claim that Defendant Neill provided her incorrect or unsuitable bus routes, the amended report noted:

> In her initial complaint, Plaintiff alleged that she "believe[s] that [she] was retaliated against in that [she] was not assigned route assignments". . . . Even broadly construing Plaintiff's allegation, her conclusory assertions fail to adequately demonstrate circumstances or facts that establish a retaliation claim under Title VII.
> ***
> Plaintiff seemingly further seeks to state a claim for the creation of a hostile work environment ("Defendant Steve Neil[l] would print routes that were shorter than the print out that were to be given to employees"). . . . In the instant case, Plaintiff's conclusory allegation fails to adequately demonstrate circumstances that establish a discrimination claim under Title VII.

(Dkt. #89 at pp. 16–19). The amended report properly noted that "[t]o establish a claim for retaliation under Title VII, a plaintiff must demonstrate that (1) [s]he engaged in a protected activity, (2) the employer took an adverse employment action against [her], and (3) there was a causal connection between the protected activity and the adverse action." *Thomas v. Beaumont Indep. Sch. Dist.*, 166 F. Supp. 3d 714, 731–32 (E.D. Tex. 2015), *aff'd,* 627 F. App'x 332 (5th Cir.

2015) (citing *Burlington N. & Santa Fe Railway v. White,* 548 U.S. 53, 66 (2006)). Furthermore, as the Magistrate Judge correctly stated, "[t]he plaintiff must establish the following elements of a hostile working environment claim: (1) that [s]he belongs to a protected class; (2) [s]he was subject to unwelcome harassment; (3) the harassment was based on the protected status; (4) that the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Id.* at 730 (citing *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 651 (5th Cir. 2012)). As with Plaintiff's pleadings, Plaintiff's conclusory objection fails to adequately demonstrate circumstances that establish a claim under Title VII. *See id.* ("Conclusory allegations are insufficient to establish a prima facie claim for hostile work environment.") (citing *Hill v. Cleco Corp.,* 541 F. App'x 343, 346 (5th Cir. 2013) (per curiam)). In addition, the amended report found that Plaintiff's § 1983 and Title VII claims against Defendant Neill are time-barred (Dkt. #89 at pp. 12, 14–15). Plaintiff's objection related to her claims against Defendant Neill is overruled.

*Defendant Plano ISD*

Addressing her claims against Plano ISD, Plaintiff's objection focuses on her alleged wage claim:

> asking for no dismissed on them also because of [her] not receiving [her] last paycheck from them. [Plaintiff] clock[ed] in on a time clock[,] but they use the excuse of [Plaintiff] having bonus days used[.] That's not true. And they offer that Jun Melvin [and] Autry Daniel gave [Plaintiff] was a little over $400.00 to go away and they will let everything go. . . .[Plaintiff] went up on the demand to 30 million because no one never (sic) contact[ed] [Plaintiff] back.

(Dkt. #97 at p. 2). The amended report found that "the Court's final judgment dismissing the 2015 lawsuit with prejudice bars Plaintiff's current lawsuit against Plano ISD." (Dkt. #89 at p. 12). Specifically, the amended report noted that "Plaintiff's wage claim was previously raised in the

prior litigation, and that lawsuit was dismissed with prejudice." (Dkt. #89 at p. 11). Res judicata bars "all claims that were *or could have been* advanced in support of the cause of action on the occasion of its former adjudication, not merely those that were adjudicated." *Wetherbe v. Tex. Tech Univ. Sys.*, No. 16-10458, 2017 WL 2722287, at *4 (5th Cir. June 23, 2017) (emphasis in original) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (affirming dismissal of a portion of Plaintiff's claims as barred by res judicata)). A core issue in Plaintiff's First Lawsuit was whether Plaintiff received all earned wages. Plaintiff's wage claim was previously raised in the prior litigation and that suit was dismissed with prejudice. *Washington*, 2017 WL 73953, at *1. In the Current Lawsuit, Plaintiff again claims she did not receive her final paycheck. Reconsideration of Plaintiff's previously-raised arguments does not alter the conclusion that Plaintiff's wage claim is barred by res judicata and should be dismissed. Accordingly, Plaintiff's objection related to her wage claim against Plano ISD is overruled.

**Motions to Dismiss For Lack of Subject Matter Jurisdiction**

The Magistrate Judge did not expressly address the merits of Defendants' request for dismissal for lack of subject matter jurisdiction. Instead, the Magistrate Judge found "upon further review and consideration, the [magistrate judge] finds that these arguments are more appropriately analyzed under Rule 12(b)(6) for failure to state a claim." The Magistrate Judge failed to make the finding that the Court had jurisdiction to proceed to a Rule 12(b)(6) analysis. Defendants asserted that there was no diversity jurisdiction and no federal cause of action was alleged. The Magistrate Judge did find that "[l]iberally construing Plaintiff's bare pleadings, the Court finds that she may potentially be seeking to assert claims under § 1983 or Title VII." Based upon these findings, the Court did possess subject matter jurisdiction.

**CONCLUSION**

Having considered Plaintiff's objections (Dkt. #97), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts in part the Magistrate Judge's amended report (Dkt. #89) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the Motions to Dismiss filed by Defendant ATPE-Law Firm (Dkt. #39; Dkt. #62), Plano ISD and Steve Neill (Dkt. #40; Dkt. #66), and Jefferson Brimm and Richard Arnett (Dkt. #41; Dkt. #68) are **GRANTED IN PART** and **DENIED IN PART**. Defendants' Motions to Dismiss pursuant to Rule 12(b)(1) are denied; Defendants' Motions to Dismiss under Rule 12(b)(6) are granted. Plaintiff's claims against Defendants ATPE-Law Firm, Jefferson Brimm, Richard Arnett Plano ISD, and Steve Neill are hereby **DISMISSED**.

All relief not previously granted is hereby denied.

The Clerk is directed to close this civil action.

**IT IS SO ORDERED**.

SIGNED this 27th day of March, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE